UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC,                                           :
                                                                  :   Case No. 1:24-cv-00582-BKS-MJK
                                        Plaintiff,                :
                                                                  :
                        vs.                                       :
                                                                  :
JOHN DOE subscriber assigned IP address                           :
76.37.4.129,                                                      :
                                                                  :
                                        Defendant.                :
------------------------------------------------------------------X

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY
SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Spectrum (hereinafter the "ISP"). *See* e.g., *Arista Records LLC v. Doe*, 604 F.3d 110, 115 (2d Cir. 2010); *Strike 3 Holdings, LLC v. John Doe*, No. CV 3:17-1680 CSH, 2017 WL 5001474 (D. Conn. Nov. 1, 2017).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

1

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 4th day of _____June_____, 2024.

By: _____
Mitchell J. Katz
U.S. Magistrate Judge

2

STRIKE 3 HOLDING, LLC v. JOHN DOE
Northern District of New York Case No. 1:24-CV-582 (BKS/MJK)

## ATTACHMENT A

1.      The ISP shall have twenty-one (21) days from the date of service of the Rule 45 subpoena upon it to serve Defendant Doe with copies of the subpoena, the Complaint in this action, and this Order.  The ISP may serve Defendant Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

2.      The ISP shall not turn over any information to the Plaintiff pursuant to the subpoena, pending notification that the Court has authorized compliance with the subpoena.

3.      The Defendant shall then have thirty (30) days after receipt of service of the subpoena by the ISP to file any motions with this Court to contest the subpoena anonymously.  If Defendant fails to contest the subpoena during this thirty-day period, or if the court enters an order denying any challenge to the subpoena, Plaintiff shall document that to the ISP (by submitting a copy of relevant docket entries or the court order), and the ISP shall then have fourteen (14) days to produce to Plaintiff the information that is responsive to the subpoena.

4.      Within thirty (30) days after receipt of Defendant's name and address from an ISP, Plaintiff must serve Defendant with the summons and complaint in accordance with the Federal Rules of Civil Procedure, as well as a copy of this Order.

5.      Plaintiff may not solicit settlement of this case prior to Plaintiff's service of the Complaint upon the Defendant.

6.      Within thirty (30) days after Plaintiff's service of the Complaint and Summons upon the Defendant, he or she may move this Court for leave to continue proceeding anonymously in this action.  Otherwise, this sealing order, protecting the Defendant's identity and address, may be terminated by the Court.

7.      Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise, and only after Defendant has had the opportunity to challenge disclosure of his/her identity by motion.  Plaintiff is ordered not to disclose, or threaten to disclose, Defendant's name or address, or any other identifying information other than Defendant's ISP number, of which Plaintiff may learn, unless and until the court terminates this sealing order.  Plaintiff is ordered not to publicly file any of Defendant's identifying information, and to file all documents containing Defendant's identifying information under seal, unless and until the court terminates this sealing order.